RECEIVED
IN CLERK'S OFFICE
SEP 20 2013
U.S. DISTRICT COURT
MID DIST TENN

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| MYRTLE COOPER, <br>     Plaintiff, | ) <br> ) <br> ) |
| vs. | )    Case No. _____ <br> ) |
| PERFECT EQUIPMENT, INC., | ) <br> ) <br> )    JURY DEMAND |
|     Defendant. | ) |

## COMPLAINT

### Jurisdiction and Venue.

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. This is an action authorized and instituted pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA").

2. The unlawful employment practices alleged in this Complaint were committed in Rutherford County in the Nashville Division of the Middle District of Tennessee.

### Parties.

3. Plaintiff Myrtle Cooper is an adult female citizen of the United States of America and a resident of Murfreesboro, Rutherford County, Tennessee.

4. Defendant Perfect Equipment, Inc. ("Perfect Equipment") is a Delaware corporation organized and existing under the laws of the United States of America, is qualified to do business in the State of Tennessee, and does business in Murfreesboro, Rutherford County, Tennessee.

1

5. Perfect Equipment is an "employer" within the meaning of 29 U.S.C. 2611 in that it is engaged in commerce, or industry or activity affecting commerce, and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

6. Plaintiff is an "eligible employee" within the meaning of 29 USCA § 2601 in that Plaintiff was employed for at least 12 months by Perfect Equipment and for at least 1,250 hours of service with Perfect Equipment during the 12-month period previous to Plaintiff's termination from employment by Perfect Equipment, and was employed at a work site where 50 or more employees were employed within 75 miles of the work site.

## Factual Allegations

7. On or about July 19, 2012, Plaintiff informed Perfect Equipment that Plaintiff suffered from a serious health condition which would require surgery and an approximate three to four month absence from work.

8. More specifically, Plaintiff was going to require back surgery involving the placement of rods and screws in her spine.

9. Plaintiff's condition was a "serious health condition" under 29 U.S.C. § 2611(11).

10. Plaintiff was entitled to leave for her condition under 29 U.S.C. § 2612(a)(1)(D).

11. Plaintiff had no duty to provide advance notice to Perfect Equipment because the necessity for leave was not sufficiently foreseeable based on planned medical treatment under 29 U.S.C. §2612(e)(2).

12. Plaintiff's absence from work due to her serious medical condition began on July 23, 2012.

13. Plaintiff was released by her doctor to return to work without restrictions on October 12, 2012, and promptly notified Perfect Equipment of her ability, willingness, and desire to return to work.

14. Plaintiff provided to Perfect Equipment sufficient medical proof that Plaintiff needed FMLA leave to take care of her serious medical condition.

15. The medical proof satisfied the timely certification requirements of 29 U.S.C. §2613(b)(4)(B).

16. On or about August 27, 2012, Perfect Equipment discharged Plaintiff from employment, asserting that Plaintiff violated Perfect Equipment's policy by being absent without calling in.

17. Perfect Equipment violated 29 U.S.C. §2615 by interfering with, restraining, or denying Plaintiff's exercise of or the attempt to exercise the right to take leave under 29 U.S.C. §2612(a)(1)(D).

18. Plaintiff is entitled to recover from Perfect Equipment damages, equitable relief, and reasonable attorney's fees as provided in 29 U.S.C. §2617.

### Prayer for relief

WHEREFORE, Plaintiff prays that this Court (i) enter judgment in Plaintiff's favor against Perfect Equipment for the damages provided in 29 U.S.C. §2617(a)(1)(A), including attorney's fees and expert witness fees, and the costs of this action, (ii) grant Plaintiff the equitable relief provided in 29 U.S.C. §2617(a)(1)(B), including employment, reinstatement, and promotion, and (iii) grant such other and further or different relief to the Plaintiff as the Court deems just and proper.

### Jury Demand

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ L. Gilbert Anglin
L. Gilbert Anglin, BPR#009881

/s/ Jerry E. Farmer
Jerry E. Farmer, BPR #0017180

8 Lincoln Square
1535 W. Northfield Blvd.
Murfreesboro, TN 37129
(615) 895-8880

*Attorneys for Plaintiff*